## PARTEE v. PARTEE.

[74 South. 827, Division B.]

CONTRIBUTION. *Action by husband against wife. Wife's separate estate.*
   Where a husband gave an option in his own name, covering the right to cut timber on land belonging to his wife and his children by a former marriage, under the facts in this case the husband could not recover contribution from his wife after the option holders had secured judgment against him for breach of the option contract; where the contract was an intirety and the wife had not been appointed guardian for the children and was not able to convey their interest and it was not shown that the option holders would have accepted her individual interest, and she would not have been liable for breach even though the facts had been embodied in the contract.   .   .

APPEAL from the chancery court of Quitman county. Hon. J. A. MAY, Chancellor.

Suit by C. W. Partee, Sr., against Mrs. Mattie E. Partee. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*P. H. Lowrey,* for appellant.

*John Waddell,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

In the year 1908 the appellant and appellee were hus-
band and wife, and Mrs. Mattie E. Partee, the appel-
lant, and her four children were tenants in common of
certain lands in Quitman county, Miss., which they had
inherited from one Cole, the former husband of Mrs.
Partee, and Mrs. Partee was desirous of selling the
timber growing upon said land. In May and June of
the year 1908. Mrs. Partee was in Centralia, Ill., where
she and her former husband had formerly lived, and
while there Mr. Partee, the husband and complainant
in the present suit, approached Barney & Hines, real
estate dealers of Memphis, Tenn., with the proposition
of selling the timber on the lands of his wife and his
wife's children. He executed an option in his own name
which reads as follows:

"Confirming our conversation, I hereby give you
option for fifteen days from this date to purchase the
timber on sections 6 and 7 and one hundred and sixty
acres in the southern half of section 8, township 8, range
10 west, Quitman county, Miss., at a price of thirty-five
hundred ($3500) dollars on terms of two thousand
($2,000) dollars each, balance in two equal notes, one
and two years each. bearing interest at the rate of six
per cent., with a time limit of removal of timber of
five years from this date, together with right of way
over, through, and across said land for cutting down
and removing said timber therefrom."

On the day prior to the execution of this option Mr.
Partee wrote to his wife that Barney & Hines desired
an option for fifteen days and stated the terms that
they proposed of two thousand dollars cash and one
thousand and five hundred dollars in two annual promis-
sory notes bearing six per cent., and that he expected to
take such action as he thought best the following aay,
subject to her approval, in closing or making the deal.
On June 6th he again wrote Mrs. Partee a letter in

which he advised her not to sign any papers until she saw him with reference to this matter, as he desired to have certain provisions put in the contract. Mrs. Partee returned home after the expiration of the fifteen days embodied in the option given by Mr. Partee and in connection with her husband took up with Barney & Hines the closing of this matter. Finally they called up the attorneys of Barney & Hines and insisted that, if the matter was going to be closed up, that they send the contract at once with five hundred dollars as a guaranty of good faith, which they contended that Barney & Hines agreed to do over the phone. The following day a contract was sent, but no check or money for signature, and, the letter not containing a check, they decided that Barney & Hines was delaying with the idea of finding a customer who would buy, but were not intending to carry out their agreement themselves, and then proceeded to make a deal with another party who bought the timber for the sum of three thousand and five hundred dollars cash, and procured an order from the chancery court giving authority and power from the court to convey the interest of the minors to the purchaser, Livingston. Thereupon Barney & Hines sued Mr. Partee in the courts of Tennessee for a brach of his contract and recovered judgment against him in said suit, which was appealed first to the civil court of appeals, and finally to the supreme court of Tennessee, and affirmed, and this suit is brought against Mrs. Partee for reimbursement for the money paid in satisfying said judgment and costs. Among the defenses interposed in the suit in Tennessee by Mr. Partee was the plea that at the time that he gave the option that he had no authority to give the option and that the this was known to Barney & Hines at the time. In other pleas he pleaded that the option was given for Mrs. Partee and her children, and that Barney & Hines knew this fact and had represented to him that he would not be personally liable on said contract. Mrs. Partee

appeared as a witness on behalf of her husband in the suit in the Tennessee courts, and it is contended now that this was sufficient notice that she was held or would be held liable for this amount for her to appeal and defend the suit, or in case of failure that she would be bound by the judgment then rendered. At the time of giving the option of Mr. Partee, and from thence until after the sale of Livingston, there was no authority in either Mr. Partee or Mrs. Partee to represent the children of Mrs. Partee by her former husband, but Mrs. Partee was guardian for the children under a guardianship taken out and existing in Illinois, but was not a guardian in Mississippi under any appointment by the courts of this state. There is no pretense that Mr. Partee had any authority to represent the adult son of Mrs. Partee in this proceeding, and there had been no order of court obtained authorizing the sale of the timber or any proceeding in court whatever with reference thereto until after the sale to Livingston. The chancellor found that there was no authority to bind any of the heirs with reference to the said contract, but found that Mr. Partee was an agent, and represented Mrs. Partee in the sale, and that he had authority to represent Mrs. Partee in giving the option and that the option was ratified by Mrs. Partee after it was made, and gave judgment against Mrs. Partee for the full amount of the judgment and costs in the Tennessee suit. He also gave judgment against all of the defendants in the suit for an item of one hundred and ten dollars and seventy-four cents which appears to be a merchandise account and for improvements on the property of the defendants made by Partee.

The contract to convey the timber was for the entire timber on the entire tract of land, and it was not made for any particular party's interest in said timber, and was not made in the name of Mrs. Partee and her children, the owners of said timber. No matter how much Mrs. Partee might have tried to carry out the

contract, it could have not been done in the absence of authority from the chancery court, and it does not appear that Barney & Hines would have accepted a conveyance of her undivided interest in the contract, or that there was any understanding or agreement that they would do so, nor was there any demand made upon her to make this kind of a conveyance. The contract was an entirety, and Mrs. Partee could not have been sued individually for a breach of this contract if the theory of the plaintiff that Barney & Hines had notice of these facts were true. In other words, if the facts had been embodied in the option as undertsood and as testified to by the complainant, Barney & Hines could not have recovered for the breach of the contract. Mr. Partee, however, made the contract as a personal contract, and in so doing assumed all the risk that would be involved in the failure on his part to carry out this contract as made, and was, on his own testimony, in fault in not having the contract embrace the understanding which he claims was had between him and Barney & Hines.

We are therefore of the opinion that the court below erred in granting judgment against Mrs. Partee for the amount paid by Mr. Partee in satisfaction of the judgment of Barney & Hines against him, and as to this the judgment is reversed, and the cause dismissed, but the judgment is affirmed as to the one hundred and ten dollars and seventy-four cents costs of the appeal to be taxed against the appellee, and all costs except suing out the attachment against the complainant below.

*So ordered.*